UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X

MICHAEL BROWN,

                Plaintiff,

   -against-

THE CITY OF NEW YORK, N.Y.C.
POLICE OFFICER MIKAL WRIGHT,
N.Y.C. POLICE OFFICER PETER RUSSO,
N.Y.C. POLICE OFFICER GREGORY CLARKE,
N.Y.C. POLICE OFFICER SANTIAGO VARELA,
EACH SUED INDIVIDUALLY AND IN
THEIR OFFICIAL CAPACITY,

                Defendants.

------------------------------------X

VERIFIED COMPLAINT AND DEMAND FOR A JURY TRIAL

CV 07 2329

SIFTON, J.   LEVY, M.J.

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ JUN 11 2007 ★
BROOKLYN OFFICE

1. This is an action for compensatory and punitive damages for violation of Plaintiff's civil rights under the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States and for unlawful imprisonment, harassment, intentional infliction of emotional distress, negligence and negligent hiring and/or retention of incompetent, unqualified, unfit and assaultive employees, by reason of the unlawful acts of defendants.

JURISDICTION

2. This action is brought pursuant to 42 U.S.C. § 1983. Jurisdiction is founded upon 28 U.S.C. § 1343. Venue is proper in this district under 28 U.S.C. § 1391(b) in that all claims arose in this district.

## PARTIES

3. Plaintiff Michael Brown is a resident of New York City, Kings County, State of New York.

4. At all times hereinafter mentioned, the Defendant New York City Police officers were employees of the defendants and was acting within the scope and authority of their employment. They are sued individually and in their official capacities as New York City Police Officers.

5. At all times, the defendant New York City owned and maintained the New York City Police Department("NYPD") and employed the individual defendants sued herein.

6. That upon information and belief NYPD was responsible for the training of its officers.

7. That at all times herein the defendant, City, was negligent in the hiring, training, supervision, discipline, retention and promotion of the agents, servants and/or employees of the police department.

8. That at all times mentioned herein the defendant, City of New York knew or should have known of the discriminatory nature, bad judgment, and unlawful propensities of the officers involved in the violation of civil rights and intentional infliction of emotional distress of the plaintiff.

## FACTS

9. On or about April 20, 2005, at approximately 11:50 P.M., plaintiff, an African-American male, was walking home down Fulton Street, in Brooklyn, New York when he was stopped by the

2

defendant New York City Police Officers whom asked him what was in the bag he was carrying.

10. Plaintiff told them that he had committed no crime and refused to allow them to search the bag which had an unopened bottle of beer in it.

11. Plaintiff informed the officers that he would give them his identification, but not allow them to search him.

12. The officers then disparaged him and threw him against the wall, and one defendant hit plaintiff from behind on the ankles a number of times and also in the groin area.

13. Plaintiff was released after being given a summons for disorderly conduct.

14. The next day plaintiff went to the hospital for treatment, as the pain in his legs and groin persisted.

15. Upon information and belief, the summons alleging disorderly conduct was subsequently dismissed.

16. Upon information and belief, this occasion was not the only times Plaintiff has been unlawfully stopped and harassed by members of the N.Y.P.D., and it is believed that the seizures occurred because of plaintiff's ethnicity.

17. As a result of the repeated unlawful seizures, constituting a violation of his civil rights, plaintiff has suffered physical and psychological injuries.

18. Defendant City has pursued a policy and custom of deliberate indifference to the rights of persons in its domain, including the Plaintiffs, in its procedures for supervising and removing, when appropriate, unstable and violent officers from

3

their duties, including but not limited to the fact that the defendants knew or should have known of the individual Defendant's tendencies to use unlawful physical force, unlawful seizures, use excessive force, and otherwise commit unlawful acts, but took no steps to correct or prevent the exercise of such tendencies.

19. Defendants knew or should have known that prior to this date, the perpetration of unlawful acts, and the use of excessive force and the infliction of injury to persons in the custody of the individual defendants was occurring, in that there may have been reports of such unlawful conduct by this specific officer, but failed to take appropriate steps to eliminate such unlawful acts.

20. Defendant, among other deficiencies, failed to institute a bona fide procedure in which defendant investigated the unlawful acts of the individual defendants or properly investigated reports of their alleged misconduct.

### FIRST CAUSE OF ACTION FOR VIOLATION OF 42 U.S.C. § 1983

21. Plaintiff reiterates and realleges the facts stated in paragraphs 1-20 as if stated fully herein.

22. As a result of their actions, Defendants, under "color of law", over the course of approximately the last ten years, have deprived Plaintiff of his right to freedom from deprivation of liberty without due process of law in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983.

23. Defendants subjected Plaintiff to these deprivations of his rights either maliciously or by acting with a reckless disregard for whether Plaintiffs' rights would be violated by their actions.

24. As a direct and proximate result of the acts of defendants, plaintiff suffered physical and psychological injuries, and endured great pain and mental suffering.

### AS AND FOR A SECOND CAUSE OF ACTION
### FOR A VIOLATION OF 42 U.S.C. § 1983

25. Plaintiff reiterates and realleges the facts stated in paragraphs 1-24 as if stated fully herein.

26. As a result of their actions, Defendants, acting under "Color of law", deprived Plaintiff of his right to freedom from the use of excessive force without due process of law in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. sec. 1983.

27. Defendants subjected Plaintiff to these deprivations of his rights either maliciously or by acting with a reckless disregard for whether Plaintiff's rights would be violated by his actions.

28. As a result of the aforesaid occurrence, Plaintiff suffered the damages and injuries aforesaid. All Defendants are liable for said damage and injuries.

## THIRD CAUSE OF ACTION
## FOR VIOLATION OF 42 U.S.C. § 1983

29. Plaintiff reiterates and realleges the facts stated in paragraphs 1-28 as if stated fully herein.

30. Defendants, acting as municipal policymakers, in the hiring, training and supervision of the individual defendant officers, have pursued a policy and custom of deliberate indifference to the rights of persons in their domain.

31. The N.Y.P.D.'s repeated unlawful stops of Plaintiff and the concomitant seizures, all occurring in the vicinity of Plaintiff's home for no apparent reason, evince a policy and practice of the violation of civil rights of Plaintiff.

32. As such, defendants have violated plaintiff's right to freedom from deprivation of liberty and amounted to a violation of his right to privacy without due process of law in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983.

33. As a direct and proximate result of the aforementioned policy and custom of deliberate indifference of Defendants committed the unlawful acts referred to above and thus, Defendants are liable for Plaintiff's injuries.

## AS AND FOR A FOURTH CAUSE OF ACTION
## <u>FOR VIOLATION OF 42 U.S.C. § 1985</u>

34. Plaintiff reiterates and realleges the facts stated in paragraphs 1-33 as if stated fully herein.

35. The N.Y.P.D.'s repeated unlawful stops of Plaintiff an African-American male, and the concomitant seizures, all occurring in the vicinity of Plaintiff's home for no apparent reason, evince a policy and practice of the violation of civil rights of Plaintiff based upon race.

36. At the above times and places, Defendants, acting within the scope of their employment, "under color of law", and on behalf of their employer, N.Y.P.D., and the Defendant City conspired to violate Plaintiff's rights to equal protection of the law in violation of 42 U.S.C.§ 1985.

37. By reason of said violations, Plaintiff has sustained serious, severe and permanent personal injuries, including but not limited to his aversion to going out in public as he is fearful about being continued harassment by the police.

38. The aforesaid incidents and resulting injuries to Plaintiff were caused without any fault of Plaintiff contributing thereto.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, plaintiff prays that this Court:

1. Enter a judgment that defendants, by their actions,

violated Plaintiff's rights under state law, and violated Plaintiff's rights under the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States, 42 U.S.C. § 1983 and 42 U.S.C.§ 1985, and violated Plaintiff's rights under State law; and,

2. Enter a judgment, jointly and severally, against defendants for compensatory damages in the amount of One Million ($1,000,000.00) Dollars; and,

3. Enter a judgment, jointly and severally against Defendants for punitive damages in the amount of Three Million ($3,000,000.00) Dollars; and,

4. Enter an Order:

a) Awarding plaintiff's reasonable attorney's fees and litigation expenses pursuant to 42 U.S.C. § 1988;

b) Granting such other and further relief which to the Court seems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

Dated: New York, New York
       June 4, 2007

**RESPECTFULLY,**

STEVEN A. HOFFNER, ESQ.
Attorney for the plaintiff
350 Broadway, Suite 1105
New York, New York 10013
(212) 941-8330
(SH-0585)

8

VERIFICATION

**STEVEN A. HOFFNER,** an attorney admitted to practice in the Courts of the State of New York states:

That the affirmant is the attorney of record for the plaintiff in the within action.

That the affirmant has read the foregoing Complaint and knows the contents thereof.

That the same is true as to affirmant's knowledge, except as to matters therein alleged to be on information and belief, and as to those matters affirmant believes them to be true.

That the reason this verification is made by affirmant is because the plaintiff does not reside in the county wherein affirmant maintains his office.

That the grounds of my belief as to all matters not stated upon my own knowledge are as follows: investigation, client conferences, and review of the file.

The undersigned affirms that the following statements are true, under the penalties of perjury.

Dated: New York, New York
       June 4, 2007

_____
STEVEN A. HOFFNER, Esq.
(SH-0585)